**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **GLISET CESPEDES PEÑA,** an individual, and **TABATHA SNODERLY,** an individual, on behalf of themselves and others similarly situated, | ) | Case No. |
| Plaintiff, | ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | ) | **JURY DEMAND ENDORSED HEREON** |
| **LIBBEY GLASS LLC,** | ) | |
| Defendant. | ) | |

Plaintiffs Gliset Cespedes Peña and Tabatha Snoderly ("Named Plaintiffs"), on behalf of themselves and others similarly situated, for their collective and class action Complaint against Defendant Libbey Glass LLC ("Defendant"), state and allege as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Named Plaintiffs bring this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Named Plaintiffs bring this case on behalf of themselves and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. § 216(b).

3. Named Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other similarly situated persons who have factually related claims under the OMFWSA.

4. Named Plaintiffs, those similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b), and those similarly situated persons who have factually related claims under the OMFWSA are referred to collectively as "Plaintiffs".

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in Lucas County, Ohio, in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District and Division.

7. This Court has supplemental jurisdiction over Plaintiffs' asserted state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8. Named Plaintiff Cespedes Peña is a resident of Ohio who was employed by Defendant as a production employee from approximately February 17, 2025 to June 4, 2025. Plaintiff Cespedes Peña's written Consent to Join this Action is attached hereto as **Exhibit A**.

9. Named Plaintiff Snoderly is a resident of Ohio who has been employed by Defendant as a production employee since approximately February 2011. Plaintiff Snoderly's written Consent to Join this Action is attached hereto as **Exhibit B**.

10. Defendant Libbey Glass LLC is a Delaware for-profit limited liability company with its headquarters at 300 Madison Avenue, Toledo, Ohio 43604. Defendant can be served through its Ohio registered statutory agent: Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

11. Plaintiffs were and/or are employed by Defendant as non-exempt hourly production employees.

12. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

13. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. At all relevant times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. At all relevant times, Plaintiffs were "employees" within the meaning of the FLSA and Ohio law.

## FACTUAL ALLEGATIONS

16. Defendant owns and operates a glass manufacturing company in Ohio.

17. At all relevant times, Plaintiffs worked for Defendant as non-exempt hourly production employees.

18. At all relevant times, Plaintiffs were required to arrive approximately 8-15 minutes before their scheduled shifts in order to receive their work assignment for the day, discuss the previous shift's work and what needed to be done in the next shift, and begin working.

19. At all relevant times, Plaintiffs were required to stay at their workstation for approximately 5-7 minutes past their scheduled shifts in order to wait for the worker on the next

shift to arrive, discuss the previous shift's work and what needed to be done in the next shift, and begin working.

20. Plaintiffs were not paid any amount for this pre- and post-shift work and such time was not counted as hours worked for purposes of computing overtime.

21. Plaintiffs performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

22. There was no practical administrative difficulty in recording this unpaid work of Plaintiffs. In fact, it was captured by Defendant's electronic timeclock. Defendant, however, chose to ignore this time and paid Plaintiffs only from their scheduled shift start time, to their scheduled shift end time.

23. This unpaid work performed by Plaintiffs constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

24. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiffs. For example, without learning what work the previous shift had accomplished, Plaintiffs could not know where to begin their work for the day. Similarly, without Plaintiffs informing the following shift what they had done, the following shift would not know the work they needed to do.

25. As a result of Plaintiffs not being paid for all hours worked, they were not paid overtime compensation for all the hours they worked over 40 each workweek.

26. Additionally, at all relevant times, Defendant used supervisors to "verify" Plaintiffs daily clock in and clock out times.

27. Each morning, on a printed employee roster, Defendant's supervisors would put a red dot next to the name of Plaintiffs who the supervisors saw at their clock in time.

28. Each afternoon, on the same printed employee roster, Defendant's supervisors would put a black dot over the red dot by the names of the Plaintiffs who the supervisors saw at their clock out time.

29. If a supervisor, based on their arbitrary and subjective estimations, did not think an employee began working at the logged clock in time, the supervisor would adjust that employee's clock in time to what the supervisor believed it to be.

30. If a supervisor, based on their arbitrary and subjective estimations, did not think an employee continued working until the logged clock out time, the supervisor would adjust that employee's clock out time to what the supervisor believed it to be.

31. These adjusted clock in and clock out time reflected only the times that supervisors saw employees working and estimated their times, and not the times the employees were actually working and the electronic time clocks actually recorded. Accordingly, Defendant did not pay Plaintiffs for all hours worked.

32. As a result of Plaintiffs not being paid for all hours worked, they were not paid overtime compensation for all the hours they worked over 40 each workweek.

33. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law. For example, to have the actual clocked work time for Plaintiffs, but to still pay only from shift start time to shift end time, demonstrates a reckless disregard for the requirements of the FLSA and Ohio law. Additionally, adjusting Plaintiffs work hours to match supervisors' arbitrary and subjective estimations instead of the actual clocked work time demonstrates a reckless disregard for the requirements of the FLSA and Ohio law.

## **COLLECTIVE ACTION ALLEGATIONS**

34. Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

35. Named Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

36. The collective ("FLSA Collective") which Named Plaintiffs seek to represent and for whom Named Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiffs are also members, is composed of and defined as follows:

> **All current and former hourly production employees of Defendant, including temporary employees as applicable, who worked 40 or more hours in a workweek at any time from three (3) years preceding the date of the filing of this Complaint through final disposition of this matter.**

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiffs, numerous current and former employees are similarly situated with regard to their claims against Defendant. Named Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

38. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's unlawful practice of failing to pay Named Plaintiffs and the FLSA Collective an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the

workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs

39. The identities of the putative FLSA Collective are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

40. Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

41. Named Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former hourly production employees of Defendant, including temporary employees as applicable, who worked 40 or more hours in a workweek at any time from two (2) years preceding the date of the filing of this Complaint through final disposition of this matter.**

42. The Ohio Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed 40 individuals. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Cost. Art. II, § 34a.

43. There are questions of law or fact common to the Ohio Class including whether Defendant failed to pay non-exempt hourly employees, such as Named Plaintiffs and those similarly situated employees, for all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates as a result of Defendant's failure to pay Named Plaintiffs and other class members for time spent working pre- and/or post-shift.

44. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual Ohio Class members.

45. Named Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other members of the Ohio Class.

46. Named Plaintiffs and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

47. Named Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Named Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class members.

48. Plaintiffs' counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims

individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## (FLSA Overtime Violations)

50. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

51. Named Plaintiffs bring this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective who will join this case pursuant to 29 U.S.C. §216(b).

52. At all relevant times, Named Plaintiffs and the FLSA Collective regularly worked 40 or more hours per workweek for Defendant.

53. Named Plaintiffs and the FLSA Collective were not paid for all time worked, as described above.

54. Named Plaintiffs and the FLSA Collective were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

55. At all relevant times, Defendant knew it was required to pay Named Plaintiffs and the FLSA Collective all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

56. Defendant failed to pay Named Plaintiffs and the FLSA Collective the required overtime compensation.

57. Defendant's practice and policy of not paying Named Plaintiffs and the FLSA Collective for all overtime work violated the FLSA.

58. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

59. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

60. As a result of Defendant's violations of the FLSA, Named Plaintiffs and the FLSA Collective were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

**COUNT TWO**
**(Ohio Class - Overtime Violations)**

61. Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

62. Named Plaintiffs bring this claim for violation of the OMFWSA, on behalf of themselves and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

63. At all relevant times, Named Plaintiffs and the Ohio Class members regularly worked 40 or more hours per workweek for Defendant.

64. Named Plaintiffs and the Ohio Class members were not paid for all time worked, as described above.

65. The unpaid work that was performed was at Defendant's specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. *See* Ohio R.C. 4111.031(B)(2) and (C)(1).

66. Named Plaintiffs and the Ohio Class members were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

67. Defendant failed to pay Named Plaintiffs and the Ohio Class members the required overtime compensation.

68. At all relevant times, Defendant knew it was required to pay Named Plaintiffs and the Ohio Class members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

69. Defendant's practice and policy of not paying Named Plaintiffs and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

70. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

71. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiffs and the Ohio Class were violations of the OMFWSA, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Ohio Class were entitled.

72. As a result of Defendant's violations of the OMFWSA, Named Plaintiffs and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**<u>COUNT THREE</u>**
**(Ohio Class- Ohio Prompt Pay Act Violations)**

73. Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

74. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

75. Under O.R.C.A. § 4113.15(C), each payday delinquent for 30 days unpaid wages constitutes a separate violation of this statute, and each 30 day unpaid period constitutes a separate violation of this statute.

76. Named Plaintiffs bring this claim for violation of Ohio's Prompt Pay Act, on behalf of herself and all Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

77. Named Plaintiffs and the Ohio Class members were not timely paid all wages earned as required by the Prompt Pay Act because Defendant did not pay wages for all hours worked.

78. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

79. Defendant failed to pay all wages due under Ohio's Prompt Pay Act to Named Plaintiffs and the Ohio Class Members entitles them to the unpaid wages, plus "an amount equal

to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize FLSA notice pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt-in;

B. Find that Defendant failed to keep accurate records and that, as a result, Plaintiffs are entitled to prove their hours worked with reasonable estimates;

C. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiffs and the Ohio Class members;

D. Enter judgment against Defendant and in favor of Named Plaintiffs, the FLSA Collective, and the Ohio Class;

E. Award Named Plaintiffs, the FLSA Collective, and the Ohio Class actual damages for unpaid wages;

F. Award Named Plaintiffs, the FLSA Collective, and the Ohio Class liquidated damages equal in amount to the unpaid wages found due to Named Plaintiffs, the FLSA Collective, and the Ohio Class;Award Named Plaintiffs and the Ohio Class, as liquidated damages, an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater, for each payday delinquent for 30 days and each 30 day unpaid period;

G. Award Named Plaintiffs, the FLSA Collective, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

H. Award Named Plaintiffs, the FLSA Collective, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

I. Award Named Plaintiffs, the FLSA Collective, and the Ohio Class any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*<u>/s/ Adam M. Lubow</u>*
Adam M. Lubow (0097517)
Robi J. Baishnab (0086195)
Nicholas A. Boggs (0102430)
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113
Telephone: (234) 401-9371
Facsimile: (330) 754-1430
Email: alubow@ohlaborlaw.com
rbaishnab@ohlaborlaw.com
nboggs@ohlaborlaw.com

*Counsel for Plaintiffs*

**<u>JURY DEMAND</u>**

Plaintiffs hereby demand a trial by jury on all claims so triable.

*<u>/s/ Adam Lubow</u>*
*Counsel for Plaintiffs*